UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB PHILIP,

                Plaintiff,

       v.

DEUTSCHE BANK NATIONAL TRUST CO.,

             Defendant.

**ECF CASE**

**MEMORANDUM OPINION &
ORDER**

11 Civ. 8960 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jacob Philip filed this action on September 22, 2011 in the Supreme Court of the State of New York, New York County. (Dkt No. 1, Notice of Removal, Ex. A (Cmplt.)) On December 7, 2011, Defendant Deutsche Bank National Trust Company removed this action to federal court on the basis of diversity of citizenship. (Notice of Removal, ¶¶ 8-10; see 28 U.S.C. § 1441(a) and (b)) Philip now moves to remand this action to state court, arguing that Deutsche Bank did not file its notice of removal within the thirty day period prescribed in 28 U.S.C. § 1446(b). For the reasons stated below, Plaintiff's motion to remand will be denied.

## BACKGROUND

        The Complaint alleges that Philip sustained severe burns in a fire at 171-50 107th Avenue in Jamaica, New York on March 26, 2011. (Notice of Removal, Ex. A (Cmplt.) ¶¶ 3, 5) Defendant Deutsche Bank – as trustee for the Securitized Asset Backed Receivables LLC Trust 2006-WM3 – owns, operates, manages, and controls this property. (Id. ¶ 2) The Complaint alleges that Defendant "failed to keep the [] premises in a reasonably safe condition" and that a "fire resulted due to negligence and New York State and New York City Building Code Violations." (Id. ¶¶ 3-4)

Philip alleges the following injuries and damages:

> [Plaintiff] became and still is, and for a long time, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of his head, neck, body, limbs, and suffers severe and extreme emotional shock, anguish and psychic injuries and the Plaintiff was otherwise injured and upon information and belief said injuries are permanent; that by reason of the foregoing the Plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinal and medical supplies and in an attempt to cure the aforesaid injuries and has been prevented from performing his usual duties and will be so prevented for a long period of time.

(Id. ¶ 5)

In accordance with Rule 3017(c) of the New York Civil Practice Law and Rules – which bars a personal injury plaintiff from making a specific monetary demand in a complaint – the Complaint contains only a general statement concerning Plaintiff's injuries and damages and does not contain an ad damnum clause alleging a specific amount of damages. See N.Y. C.P.L.R. § 3017(c).[1]  The Complaint states only that Plaintiff "has been damaged in [a] sum greater than the monetary jurisdiction of all lower Courts in the State of New York." (Notice of Removal, Ex. A (Cmplt.) ¶ 6)

---

[1] N.Y. C.P.L.R. § 3017(c) states:

> . . . In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.  If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.  Provided, however, that a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.  In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served. . . .

The Notice of Removal asserts that Plaintiff mailed Defendant a Verified Bill of Particulars on November 8, 2011.  (Notice of Removal, ¶ 11 and Ex. D)  The Verified Bill of Particulars states that Plaintiff seeks damages in the amount of $100 million.  (Notice of Removal, ¶ 11, Ex. D (Bill of Particulars) ¶ 19)  On December 8, 2011, Defendant filed a Notice of Removal, stating that the action "originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and (b)."  (Notice of Removal, ¶ 8)  Plaintiff then filed the instant motion to remand.

### DISCUSSION

Philip argues that this case must be remanded because Deutsche Bank's notice of removal was untimely under 28 U.S.C. § 1446(b), which requires that a notice of removal be filed within thirty days of receipt of the initial pleading.  (Mulhern Aff. ¶¶ 4-5)

## I.   APPLICABLE LAW

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction."  Audi of Smithtown, Inc. v. Volkswagen of America, Inc., 2009 WL 385541, at *3 (E.D.N.Y. 2009) (citing Citibank, N.A. v. Swiatkoski, 395 F.Supp.2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S .C. § 1441(a)).  "On a motion to remand, the party seeking removal bears the burden of establishing to a 'reasonable probability' that removal is proper."  Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009).  "Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'"  Id. (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)).

It is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states

from all defendants.  See 28 U.S.C. § 1332; Lincoln Property Co. v. Roche, 546 U.S. 81, 88

(2005); Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). In

other words, if any plaintiff shares citizenship of the same state as any defendant, complete

diversity does not exist and diversity jurisdiction is lacking.  Diversity jurisdiction is determined

at the time of removal.  See Grupo Dataflux v. Atlas Global Grp, L.P., 541 U.S. 567, 570-71

(2004); United Food & Commercial Workers Union, Local 919, v. CenterMark Properties

Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

   The exercise of diversity jurisdiction also requires that the amount in controversy

exceed $75,000.  See 28 U.S.C. § 1332(a).  The party seeking removal "'has the burden of

proving that it appears to a reasonable probability that the claim is in excess of the statutory

jurisdictional amount.'"  Mehlenbacher v. Arzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.

2000) (quoting CenterMark Properties Meriden Square, Inc., 30 F.3d at 301).  The "general

federal rule has long been to decide what the amount in controversy is from the complaint itself,

unless it appears or is in some way shown that the amount stated in the complaint is not claimed

'in good faith.'"  Mopaz Diamonds, Inc. v. Institute of London Underwriters, 822 F.Supp. 1053,

1055 (S.D.N.Y. 1993) (citing Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353(1961)).

   28 U.S.C. § 1446(b) – which sets forth the procedure for removal – provides that

a notice of removal must be filed "within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based."  28 U.S.C. § 1446(b).  "The Court of Appeals has

interpreted the term 'initial pleading' in the statute to mean any pleading 'containing sufficient

information to enable the defendant to intelligently ascertain the basis for removal' and not

necessarily the complaint."  Moltner v. Starbucks Coffee Co., No. 08 civ. 9257(LAP), 2009 WL

510879, at *1 (S.D.N.Y. Feb. 27, 2009), aff'd, 624 F.3d 34 (2d Cir. 2010) (citing Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 198 (2d Cir. 2001)).

"In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." Whitaker, 261 F.3d at 198  "Accordingly, when a complaint [– as here –] alleges no amount in controversy, a defendant need not guess as to whether the Plaintiff's claim reaches the $75,000 threshold for . . . diversity jurisdiction purposes, and may wait to file a notice of removal until the Plaintiff provides specific information about the amount in controversy." Moltner, 2009 WL 510879, at *1 (citing Pinson v. Knoll, Inc., 07 Civ. 1739, 2007 WL 1771554, at *3, n. 3 (S.D.N.Y. June 18, 2007); see also Gourgue v. Red Lobster Restaurant, 07-3072(DGT), 2008 WL 822129, at *3 (S.D.N.Y. Mar. 26, 2008) ("'[A]scertained' as used in section 1446(b) means a statement that should not be ambiguous or one which requires an extensive investigation to determine the truth.") (quoting Soto v. Apple Towing, 111 F.Supp.2d 222, 226 (E.D.N.Y. 2000)).  Stated differently, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner, 624 F.3d at 38.

## II.   ANALYSIS

There is no dispute that the elements necessary for the exercise of diversity jurisdiction are present.  There is completely diversity between the parties:  Philip is a citizen of New York while the Defendant's principal place of business is in California.  (Notice of Removal, ¶¶ 9-10; see also 28 U.S.C. § 1332(c)(1).  Moreover, Plaintiff's bill of particulars makes clear that the amount in controversy is $100 million. (Mulhern Aff., Ex. D (Bill of Particulars) ¶ 19)

Plaintiff argues that this action must nonetheless be remanded, because the notice of removal was untimely.  Because the Complaint does not disclose that Plaintiff is seeking more than $75,000 in damages, the bill of particulars is the relevant document for determining the timeliness of Defendant's removal petition.  Moltner, 624 F.3d at 38.

The parties dispute when Defendant received the bill of particulars.  Plaintiff asserts that Defendant received the bill of particulars on October 25, 2011, while Defendant claims that it did not receive the bill of particulars until November 8, 2011.  Because the notice of removal was not filed until December 8, 2011, the notice is timely only if the bill of particulars was received by Defendant on or after November 8, 2011.

Defense counsel has submitted an affirmation stating that the bill of particulars was sent to his firm in an envelope post-marked November 8, 2011.  (Finn Aff. ¶ 8)  Attached as an exhibit to defense counsel's affirmation is a copy of the envelope – addressed to defense counsel with the return address of Plaintiff's counsel – bearing the November 8, 2011 postmark. (Finn Aff., Ex. A)

Plaintiff's counsel asserts in his affirmation that "the bill of particulars was served on the Defendant on October 25, 2011."  (Mulhern Aff. ¶ 7)  Plaintiff's counsel further notes that the bill of particulars is dated October 25, 2011, and is accompanied by a cover letter also dated October 25, 2011.  (Mulhern Aff. ¶ 7; Ex. D)  Absent from Plaintiff's submission, however, is any corroboration for Plaintiff's counsel's assertion that the bill of particulars was actually mailed to Defendant on October 25, 2011.  There is, for example, no affirmation from someone with personal knowledge attesting to the fact that the bill of particulars was mailed to Defendant on October 25, 2011.

Despite having an opportunity to respond to defense counsel's assertions regarding the date of service, Plaintiff has chosen not to do so.[2] (Dkt. No. 6) See Lynch v. Waldron, 05 Civ. 1162453 (GEL), 2005 WL 1162453, at *2 (S.D.N.Y. May 17, 2005) (crediting sworn statement and documentary evidence of service over unsworn statement, and noting defendant's failure to reply).

Under these circumstances, the Court accepts Defendant's assertion that the bill of particulars was not received by Defendant until November 8, 2012. Given that the notice of removal was filed on December 8, 2012 (Dkt. No. 1), Defendant has met its burden to show that the notice of removal was filed within 30 days of receiving a document that "explicitly specifie[d] the amount of monetary damages sought." Moltner, 624 F.3d at 38. Accordingly, removal was timely under 28 U.S.C. § 1446(b).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is denied. The Clerk of the Court is directed to terminate the motion (Dkt No. 7).

Dated: New York, New York
       June 19, 2012

                                    SO ORDERED.

                                    Paul G. Gardephe
                                    United States District Judge

---

[2] In a February 25, 2012 letter, Plaintiff's counsel informed the Court that he would not file a reply. (Feb. 25, 2012 Mulhern Ltr.)

7